UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1893-JLS (DFMx)                                    Date: February 18, 2015
Title: Charles Zellerbach et al. v. State Farm General Insurance Company

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                          Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER (1) GRANTING PLAINTIFFS' MOTION TO REMAND AND (2) DENYING PLAINTIFFS' REQUEST FOR COSTS AND ATTORNEY'S FEES (Doc. 10)**

Before the Court is a Motion to Remand and for Payment of Costs and Attorney's Fees filed by Plaintiffs Charles Zellerbach and Patricia Thomas. (Mot., Doc. 10.) Defendant State Farm General Insurance Co. opposed, and Plaintiffs replied. (Opp'n, Doc. 11; Reply, Doc. 12.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Accordingly, the hearing set for February 20, 2015, is VACATED. For the following reasons, the Court GRANTS Plaintiffs' Motion to Remand but DENIES their request for costs and attorney's fees.

**I.     BACKGROUND**

On June 12, 2014, Plaintiffs brought this action against Defendant in Orange County Superior Court. (Notice of Removal ¶ 1, Doc. 1.) Plaintiffs filed their First Amended Complaint on August 27, 2014, and their Second Amended Complaint ("SAC") on November 3, 2014. (*See* Notice of Removal ¶¶ 3, 5; SAC, Ex. A, Doc. 10-2.) The SAC alleges that Defendant breached the parties' insurance contract and denied coverage in bad faith in regards to Plaintiffs' claim for damage to their residence caused by "a sudden occurrence of . . . localized distress." (SAC ¶¶ 6, 20.) According to the SAC, after investigating the damage to Plaintiffs' property, Defendant denied the insurance claim based on an exclusion of coverage for damage caused by "long-term movement of soil." (Id. ¶ 16)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No.  SACV 14-1893-JLS (DFMx)                                  Date:  February 18, 2015
Title:     Charles Zellerbach et al. v. State Farm General Insurance Company

On December 1, 2014, Defendant removed the matter to this Court on the basis of diversity jurisdiction.  (Notice of Removal.)  On December 31, 2014, Plaintiff filed the instant Motion. (Mot.)

## II.     LEGAL STANDARD

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  On a motion to remand, the Court "consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Valdez v. All State Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations and quotation marks omitted).  The Court weighs Defendant's evidence against any countervailing evidence showing that the amount in controversy falls below $75,000.  *See Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (When applying the preponderance standard, a court considers "how convincing the evidence in favor of a fact [is] in comparison with the evidence against it before that fact may be found.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

Case No. SACV 14-1893-JLS (DFMx)             Date: February 18, 2015
Title:     Charles Zellerbach et al. v. State Farm General Insurance Company

### III. DISCUSSION

#### A. Motion to Remand

Plaintiffs contend that the Court must remand this action because the amount in controversy does not satisfy the statutory requirement. (*See generally* Mot.) In their SAC, Plaintiffs state that they "have suffered damages in excess of $19,000, and continue[] to suffer damages . . . in an amount to be determined according to proof at the time of trial." (SAC at 9, 21-22.) Subsequently, Defendant submitted a Request for Admission to Plaintiffs. (Roddy Decl. at 4-5, Doc. 10-1.) In their response to Defendant's Request for Admission, Plaintiffs asserted that they "have been forced to incur loss, adjustment and investigative costs, repair, loss adjustment, mitigation costs, including costs and attorney's fees, investigative costs, court costs and other expenses, in excess of $19,000 and accruing, and is entitled to damages for emotional distress and punitive damages, all exceeding $75,000." (Id.) Defendant therefore contends that "Plaintiffs affirmatively stated in their verified response to the Request for Admission . . . that Plaintiffs were, 'entitled to damages for emotional distress and punitive damages, all exceeding $75,000,'" which Defendant believe supports removal to this Court. (Opp'n at 3.)

The Court finds that Defendant has not satisfied its burden of showing that the amount in controversy in this case exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiffs' response to Defendant's Request for Admission indicates that Plaintiffs believe that they are entitled to relief in excess of $75,000. However, Plaintiffs' response does not specifically identify what portion of the $75,000 figure is attributable to damages and fees, as opposed to interest and costs. (*See* Roddy Decl. at 4-5, Doc. 10-1.) Although Plaintiffs' response to Defendant's Request for Admission suggests that Plaintiffs are seeking a total award of over $75,000, Plaintiffs identify various types of costs, damages, and attorney's fees, and assert that they "all exceed[] $75,000." (Id.) Defendant's assertion that the amount in controversy, exclusive of costs and fees, exceeds $75,000 does not suffice when Defendant's only support is Plaintiffs' ambiguous response to the Request for Admission.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1893-JLS (DFMx)            Date: February 18, 2015
Title:     Charles Zellerbach et al. v. State Farm General Insurance Company

      Furthermore, on February 6, 2015, the parties filed a Joint Status Conference Report, wherein Plaintiffs assert "that the realistic range of provable damages including punitive damages is approximately $40,000 - $50,000 excluding costs, interests and attorney fees, which is well under the $75,000 jurisdictional requirement of this Court." (Joint Status Conference Report at 6, Doc. 13.) While the addition of attorney's fees to Plaintiffs' $40,000 - $50,000 estimated damages figure theoretically could result in an amount in controversy exceeding $75,000, Defendant's bare recitation that the amount in controversy exceeds $75,000 does not, without more, make it "'more likely than not' that the amount in controversy exceeds that amount." *Sanchez*, 102 F.3d at 404. Defendant, therefore, has failed to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Accordingly, Defendant has failed to satisfy its burden to overcome the strong presumption against removal. Thus, Plaintiffs' Motion to Remand is granted.

     **B.**     **Payment of Costs and Attorney's Fees**

      In their Motion, Plaintiffs request payment of costs and an award of attorney's fees for Defendants' improper removal. (Mot. at 10-11.) The removal statute permits the Court, upon remand, to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Even though Defendant has failed to satisfy its burden of overcoming the strong presumption against removal, in light of Plaintiffs' ambiguous response to Defendant's Request for Admission, the Court finds that Defendant's attempted removal of the case to this Court was objectively reasonable. Plaintiffs' request for fees is therefore denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

JS-6

| Case No. | SACV 14-1893-JLS (DFMx) | Date: February 18, 2015 |
|---|---|---|
| Title: | Charles Zellerbach et al. v. State Farm General Insurance Company | |

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand but DENIES Plaintiff's request for costs and attorney's fees.  This case is hereby remanded to Orange County Superior Court, Case No. 30-2014-00728138-CU-IC-CJC.

Initials of Preparer: tg